UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH M. YOUNG,

                         Plaintiff,

   -against-                                               6:11-cv-375 (LEK/GHL)

THE MADISON-ONEIDA BOARD OF
COOPERATIVE EDUCATIONAL
SERVICES; JACKLIN G. STARKS,
individually and in her official capacity as
Superintendent; SUSAN CARR,
individually and in her official capacity as
Assistant Superintendent for Instruction;
and MARYJO HOJOHN, individually and
in her official capacity as Director of
Alternative and Special Education,

                         Defendants.

## DECISION and ORDER

## I. INTRODUCTION

Plaintiff Kenneth M. Young ("Plaintiff") commenced this action on April 4, 2011. Dkt. No. 1 ("Complaint"). Presently before the Court is a Motion to dismiss filed by Defendants Madison-Oneida Board of Cooperative Educational Services ("Defendant BOCES"), Jacklin G. Starks ("Defendant Starks"), Susan Carr ("Defendant Carr"), and MaryJo Hojohn ("Defendant Hojohn") (collectively, "Defendants") on July 25, 2011. Dkt. No. 8 ("Motion"). Defendants seek dismissal of   For the reasons stated below, Defendants' Motion is granted.

## II. BACKGROUND

Plaintiff was employed by Defendant BOCES as Assistant Director of Alternative Education from January 7, 2008, until June 30, 2010. Compl. ¶ 13. As Assistant Director, Plaintiff's

responsibilities included ensuring a safe environment for students, faculty, and staff at the Alternative Education Building.  Id.  Plaintiff was required to report incidents of on-campus violence, threats, and violations of law to his superiors, including Defendants Starks, Superintendent; Defendant Carr, Assistant Superintendent for Instruction; and Defendant Hojohn, Director of Alternative and Special Education.  Id. ¶ 16.  In October 2009, Plaintiff informed Defendants Starks, Carr, and Hojohn: (1) of the need for two School Resource Officers ("SROs") at the Alternative Education Building; and (2) that the Oneida Sheriff's Department agreed that two SROs were needed at the campus, because no one from the Sheriff's Department would take the job without being accompanied by another SRO.  Id. ¶ 20.  Plaintiff alleges that, for an extended period of time, no SRO was present at the Alternative Education Building at all.  Id.  Plaintiff again contacted Defendants regarding the status of his request for SROs, but was given no new information.  Id. ¶ 22.  Plaintiff subsequently contacted the Oneida Sheriff's Department and the New York State Police regarding the need for SROs.  Id. ¶ 23.

On March 11, 2010, Plaintiff was given his first and only performance review by Defendant Hojohn.  Id. ¶ 28.  Plaintiff claims that while his evaluation "was very positive for several pages, it turned very negative at the end on the issue of campus and student safety, where the final paragraph stated . . .[:] 'While making one area a priority over the other may lead to successful strategies in a safe school, it does very little for our definitive goal of all students graduating from high school.'"  Id. ¶ 29.  Plaintiff was eventually terminated on June 30, 2010, and now claims that this review was meant to "set [him] up for termination" and that he was terminated in retaliation for having reported incidents and threats of violence at the Alternative Education Building.  Id. ¶¶ 33, 40-42; Plaintiff's Memorandum in opposition to motion for summary judgment (Dkt. No. 11) ("Pl.'s Mem.") at 2. Plaintiff subsequently filed the present suit, seeking relief under the Federal Whistleblower Protection

Act, 5 U.S.C. §§ 1201 *et seq*.; and 42 U.S.C. § 1983; as well as relief pursuant to the New York State Labor Law, Education Law, and Human Rights Law. Compl. ¶¶ 39-82. Defendants filed the present Motion seeking dismissal of all federal claims under Rule 12(c) of the Federal Rules of Civil Procedure, and dismissal of all state law claims under 28 U.S.C. § 1367(b).

## III.  DISCUSSION

### A. Standard of Review

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must plead sufficient facts to suggest a plausible claim for relief. Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007). The court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. In re NYSE Specialists Securities Litig., 503 F.3d 89, 95 (2d Cir. 2007). However, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint is not sufficient if it contains nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### B. Federal Whistleblower Protection Act Claim

Plaintiff asserts that Defendants violated the Federal Whistleblower Protection Act, which prohibits federal agencies from, *inter alia*, taking "a personnel action with respect to any employee . . . because of . . . any disclosure of information by an employee . . . which the employee . . . reasonably

3

believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(B)(8)(A). However, because Plaintiff does not assert in his Complaint that he is a federal employee or is otherwise entitled to the protections of federal employees, his claims under 5 U.S.C. § 2302 must be dismissed.

### C. First Amendment Retaliation Claims

Because Plaintiff's fourth and fifth claims for relief under 42 U.S.C. § 1983 are substantially the same claim,[1] the Court considers them in tandem.

When addressing First Amendment protections accorded to speech by public employees, the court first must determine "whether the employee spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006) (citing Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U.S. 563, 568 (1968)). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421. The inquiry into what constitutes "official duties" is a "practical one," as "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to

---

[1] Although Plaintiff's fourth claim is entitled "§ 1983 First Amendment Rights," and the fifth claim is entitled "§ 1983 Retaliation for Exercising First Amendment Rights," both claims essentially repeat the same allegations and elements of a § 1983 claim. For example, paragraphs 64-65 (under Plaintiff's fourth claim) and paragraphs 71-72 (under Plaintiff's fifth claim) both read: "Defendants, individually and collectively, responded to such opposition by engaging in a deliberate campaign to humiliate Plaintiff and terminate his employment. These actions constitute a materially adverse employment action, designed to deprive a person of ordinary firmness from expressing himself as is permitted by the First Amendment." Compl. ¶¶ 64-65, 71-72. Finally, both claims conclude with the same allegations of damages suffered and requests for relief under the same statutory provisions. Id. ¶¶ 65-66, 72-73.

perform." Id. at 424-25. If the court concludes that the employee did not speak as a citizen on a matter of public concern, then "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech."[2] Garcetti, 547 U.S. at 418 (citing Connick v. Myers, 461 U.S. 138, 147 (1983)).

Here, Plaintiff's Complaint makes clear that his conduct and speech were made in his capacity as an employee of BOCES and pursuant to the job duties of a BOCES employee, rather than as a citizen on a matter of public concern. The speech that Plaintiff claims is protected by the First Amendment consists of his reporting to the three Defendants and the Oneida Sheriff's Department that one, and preferably two, SROs were needed on campus. Compl. ¶¶ 20-23. However, the Complaint states that "[a]s Assistant Director for Alternative Education, Plaintiff was required to report matters of public concern, such as incidents of on-campus threats, acts of physical violence, and violations of law . . . to the attention of his immediate administrative superiors." Id. ¶¶ 16-17. Taking Plaintiff's allegations as true, then, it is clear that his activities were taken pursuant to his job duties, as they were intended to further create and ensure a safe environment for students, faculty, and staff at the Alternative Education building. See Otte v. Brusinski, 440 F. App'x 5, 6 (2d Cir. 2011) (finding psychiatric center employee's complaint that certain patients should not have access to microwave oven was not protected by First Amendment as "'it was part-and-parcel of his concerns about his ability to properly execute his duties' as a security hospital treatment assistant–namely, to maintain a safe environment for other patients and employees") (quoting Weintraub v. Bd. of Educ., 593 F.3d 196, 203) (2d Cir. 2010)).

---

[2] If a court determines that an employee spoke as a citizen on a matter of public concern, the court then considers whether the government entity in question had a justification for its treatment of the employee. Pickering, 391 U.S. at 568. Because the Court finds here that Plaintiff did not speak as a citizen on a matter of public concern, it does not reach the second inquiry.

Nowhere in the Complaint does Plaintiff provide any instance of speech or activity that could be construed to have been made as a private citizen outside the scope of his job duties; the assertion that Plaintiff spoke "as a citizen" is simply not supported by any facts in the Complaint.  Plaintiff has therefore failed to sufficiently plead a plausible claim for relief under 42 U.S.C. § 1983 and this claim is also dismissed.

### D. Plaintiff's State Law Claims

The Court may decline to exercise supplemental jurisdiction over any and all state law claims of a complaint if the Court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  The decision whether to exercise supplemental jurisdiction over a state law claim is left to the discretion of the district court.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right.").  A court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citing Gibbs, 383 U.S. at 726-27).

In this case, the Court finds that declining jurisdiction would be proper at this early stage in litigation.  "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Klein & Co. Futures, Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7.  Furthermore, dismissal without prejudice is appropriate here in order to allow Plaintiff to pursue his state law claims in state court if he so chooses.  See Healy v. City of N.Y. Dep't of

Sanitation, 286 F. App'x. 744, 746-47 (2d Cir. 2008); Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008).

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, except that Plaintiff's state law claims are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     January 17, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge